Filed 7/26/24  Schuh v. Chase CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| CHARLENE SCHUH, | B328607 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 20STCV30352) |
| v. | |
| STEVE WAYNE CHASE, | |
| Defendant and Respondent. | |

APPEAL from orders of the Superior Court of Los Angeles County, Barbara Meiers, Judge.  Reversed and remanded.

SP Law Group, Vladimir Shagramanov for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

———————————————————

After counsel for Charlene Schuh failed to appear at an order to show cause, the trial court dismissed her complaint against Steve Wayne Chase. Six days later, Schuh filed a motion to set aside the dismissal based on attorney error pursuant to Code of Civil Procedure section 473, subdivision (b) (§ 473(b)).[1] Schuh's set-aside motion included a declaration of her attorney, taking full responsibility and explaining that the nonappearance resulted from his own calendaring error. The trial court denied the set-aside motion. We reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Schuh's Complaint Against Chase and the Trial Court's Issuance of an Order to Show Cause re Dismissal

On August 11, 2020, Schuh filed a complaint for damages against Chase, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress, assault, and battery. Schuh alleged that in 2004, in consideration of their becoming engaged to marry, Chase orally agreed to "pay all of [p]laintiff's [] living expenses" and "take care of the plaintiff and have a family together." Beginning in the spring of 2020, Chase allegedly breached the agreement to pay Schuh's monthly expenses. In support of her tort claims, Schuh alleged a series of acts amounting to physical, emotional and sexual abuse by Chase. Schuh prayed for damages in excess of $10,000,000, punitive damages, and prejudgment interest.

---

[1] Subsequent undesignated statutory references are to the Code of Civil Procedure.

2

On September 23, 2020, Schuh filed a proof of substitute service on Chase accompanied by a declaration of diligence by a registered process server showing two prior attempts at personal service before leaving the summons and complaint with "Jane Doe." Chase did not file a responsive pleading, and, on November 3, 2020, the court entered Chase's default.

In June 2021, Schuh requested entry of a default judgment in excess of $22,000,000 in damages, interest and costs, supporting her request with her own and her counsel's declarations. Instead of entering judgment, the trial court issued an order that the case had been incorrectly assigned to a personal injury court, and transferred it to a general civil courtroom, shortly after which Schuh re-submitted her default judgment package.

On June 23, 2022, the trial court issued an "Order to Show Cause re Why Case should not be transferred to Riverside County," which included the trial court's observations that Chase's residence and the alleged events in issue were there.

On August 25, 2022, the trial court took Schuh's default prove-up package under submission. On September 1, 2022, the trial court issued an order rejecting Shuh's request for default judgment and ordered the existing default stricken. The trial court discussed the defects in Schuh's causes of action, particularly the absence of factual support for Schuh's claim for breach of contract, and also pointed out that because Schuh had failed to serve both the statement of damages and the statement of punitive damages required by sections 425.11 and 425.115, respectively, it could not enter a default judgment awarding damages or punitive damages on Schuh's tort claims. The order concluded with the following suggestion: "The plaintiff may

3

amend her complaint and attempt to state her claim for relief more clearly under a contract theory and dismiss her tort claims, or she may serve a statement of damages on [Chase] and seek relief on tort theories of personal injury, or she may do both, or, in fact, neither." The trial court set an "Order to Show Cause re Entry of Judgment or Dismissal" for January 17, 2023.

**B.    Counsel's Failure to Appear at the Order to Show Cause and the Trial Court's Dismissal of the Complaint**

Schuh did two things in response to the trial court's September 1, 2022 order. First, on November 28, 2022, she filed a first-amended complaint. Second, on December 5, 2022, she filed an official form statement of damages, including a notice of intent to seek punitive damages against Chase. Notwithstanding these efforts to address the trial court's concerns, Schuh's attorney failed to appear at the January 17, 2023 order to show cause. That same day, the trial court entered a signed, written order dismissing Schuh's "entire action" without prejudice. The form order recites that the court acted on its own motion and cites no statute or other authority supporting the dismissal.

**C.    The Trial Court's Denial of Schuh's Motion for Mandatory Relief Under Section 473(b)**

On January 23, 2023 – six days after the trial court dismissed the action – Schuh filed a motion seeking mandatory relief from the dismissal under section 473(b). A supporting declaration executed by Schuh's counsel explained that he had miscalendared the January 17, 2023 court date and took full responsibility for his failure to appear. Counsel also attached a copy of a registered process server's declaration showing 11 unsuccessful attempts, beginning on December 5, 2022, to serve

4

Chase with the amended complaint and statement of damages. On February 15, 2023, the trial court heard and denied Schuh's motion to set aside the dismissal. The trial court's minute order states only that "The Motion to Set Aside/ Vacate Dismissal Filed by Charlene Schuh on 01/23/2023 is Denied." The trial court heard Schuh's motion for reconsideration on March 21, 2023 and denied it the next day. Schuh filed her notice of appeal on March 29, 2023.

## DISCUSSION

### I.    Standard of Review

Schuh appeals three of the trial court's orders: the January 17, 2023 order dismissing her action without prejudice, the February 15, 2023 order denying her motion for relief under section 473(b), and the March 22, 2023 order, denying her motion for reconsideration.

We begin by addressing Schuh's appeal from the order denying her motion for relief from the dismissal under section 473(b). "If the prerequisites for the application of the mandatory relief provision of section 473, subdivision (b) exist, the trial court does not have discretion to refuse relief. [Citation.] Where, as here, the applicability of the mandatory relief provision does not turn on disputed facts and presents a pure question of law, our review is de novo." (*SJP Limited Partnership v. City of Los Angeles* (2006) 136 Cal.App.4th 511, 516.) Because we conclude that Schuh's motion for mandatory relief under that statute should have been granted, we need not address either the dismissal itself or the order denying Schuh's motion for reconsideration.

5

## II. Schuh Was Entitled to Mandatory Relief From the Dismissal.

Section 473(b) affords a party mandatory relief from a default judgment or dismissal that is entered due to the fault of the moving party's attorney:  "Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any . . . resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect."  The purpose of the mandatory relief provision is "to relieve the innocent client of the burden of the attorney's fault, to impose the burden on the erring attorney, and to avoid precipitating more litigation in the form of malpractice suits." (*Metropolitan Service Corp. v. Casa de Palms, Ltd.* (1995) 31 Cal.App.4th 1481, 1487.)  Consistent with this purpose, "[r]elief is mandatory when a complying affidavit is filed, even if the attorney's neglect was inexcusable."  (*Rodrigues v. Superior Court* (2005) 127 Cal.App.4th 1027, 1033.)

The record discloses no reason for the dismissal other than counsel's failure to attend the hearing on January 17, 2023.  The court's minute order of that date recites that the court "received no opposition to the order to show cause regarding dismissal and no person [] appeared on the matter."  While it is undisputed that counsel failed to appear, it is not strictly correct that the court received no response from Schuh regarding the order to show cause.  In response to the court's September 1, 2022 order, Schuh

6

filed both a first-amended complaint on November 28, 2022, and a statement of damages on December 5, 2022. The record thus shows Shuh made an effort to address the deficiencies identified in the court's September 1, 2022 order.[2]

Schuh's motion complied with the requirements of section 473(b). The accompanying declaration by Schuh's counsel explained that his failure to appear on January 17, 2023 resulted from his own calendaring error. "Almost a century ago, our Supreme Court found it obvious that entering the wrong date in an attorney's calendar was sufficient to warrant relief under Code of Civil Procedure section 473." (*Comunidad en Accion v. Los Angeles City Council* (2013) 219 Cal.App.4th 1116, 1133 [collecting cases].)

Under section 473(b), when an attorney submits a declaration of fault, relief is mandatory unless "the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." The record contains no such finding by the trial court. Accordingly, Schuh was entitled to relief under the mandatory provision of section 473(b), and the court's February 15, 2023 order denying relief was in error.[3]

---

[2] We express no opinion whether Schuh's amended complaint cures the deficiencies identified in the trial court's September 1, 2022 order, nor whether Schuh's statement of damages complies with the requirements of sections 425.11 and 425.115.

[3] Schuh has asked that we take judicial notice of what appears to be a default judgment in her favor, and against Chase, entered by the Riverside County Superior Court in March of 2024. We decline to take judicial notice of the proffered materials

## DISPOSITION

We reverse the order denying Schuh's motion for relief pursuant to section 473(b), and remand the action to the trial court for further proceedings consistent with this opinion.  Each party to bear their own costs on appeal.


DAVIS, J.*

WE CONCUR:



BAKER, Acting P.J.



MOOR, J.

---

because they have no relevance to the orders under review.  " ' "[A]n appeal reviews the correctness of a judgment as of the time of its rendition, upon a record of matters which were before the trial court for its consideration." ' [Citation.]" (*California Farm Bureau Federation v. State Water Resources Control Bd.* (2011) 51 Cal.4th 421, 442.)  On remand, the trial court may consider the effect, if any, of Schuh's Riverside County judgment on further proceedings in this action.

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6 of the California Constitution.